Judge: Karen A. Overstreet
Chapter: 13
Hearing Date: May 19, 2010
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Overstreet's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101
Response Date: May 12, 2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

JOHN GERARD BIANCO and

GAIL ELAINE BIANCO,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 10-11270-KAO

OBJECTION TO CONFIRMATION OF PLAN AND MOTION TO DISMISS CASE

K. Michael Fitzgerald, Chapter 13 Trustee, objects to the confirmation of the debtors' Chapter 13 plan and moves to dismiss the debtors' Chapter 13 case. In support of his Objection and Motion, the Trustee states as follows:

The debtors filed this case on February 8, 2010. The debtors' Chapter 13 plan, filed February 22, 2010, proposes monthly plan payments of $321.05. The debtors are currently $321.05 delinquent on plan payments.

Only an individual that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900.00 may be a debtor under Chapter 13. 11 U.S.C. § 109(e). The debtors' schedules disclose $570,588.21 in unsecured debt. Because the debtors' unsecured debt exceeds the Chapter 13 jurisdictional limit, the debtors are not eligible for Chapter 13 relief.

The Trustee also objects to confirmation and moves to dismiss for these additional (non-exhaustive list of) reasons:

1) Section XII. of the plan provides, among other things, that "Debtor's Right of Redemption shall remain property of the bankruptcy estate and shall be liquidated by Trustee." The Trustee objects to this provision and the remainder of that section. Generally speaking, the

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 1

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282

duties of a chapter 13 trustee do not include a mandate to collect and reduce to money the property of the estate. See 11 U.S.C. § 1302(b)(1). It appears this case should have been filed under chapter 7 or chapter 11 of the Bankruptcy Code.

2) Section II.E. of the plan provides for pre-confirmation direct payments to two mortgage creditors with the payments added to the plan post-confirmation. This provision is confusing. If the mortgages were delinquent on the petition date, they must be paid through the plan; if they were current, then they may be paid directly by the debtors.

3) Both Sections IV.E.2.b. and IX. of the plan include the figure $351,870.00. It is unclear where that figure was derived and, moreover, the projected disposable income and liquidation value are generally different figures. The Trustee does not believe that figure is accurate under either section.

4) The debtors' Form B22C (means test) and Section I.B. of the plan need to be amended. The Form B22C filed April 4, 2010 provides for a commitment period of sixty months and negative monthly disposable income, but that is inconsistent with the plan.

5) The debtors' Schedule C also needs to be amended. For example, the debtors incorrectly claimed a $10,000.00 exemption under Wash. Rev. Code § 6.27.150 for patient accounts. To preserve his ability to do so, the Trustee objects to all the debtors' exemptions.

While there are other issues with this case, the debtors are simply not eligible for Chapter 13 relief. The Trustee reserves the right to assert additional bases for his Objection and Motion, and he reserves the right to expand upon the above objections. A proposed Order on this Objection and Motion is attached and incorporated.

WHEREFORE, the Chapter 13 Trustee requests that the Court enter an Order denying confirmation of the debtors' Chapter 13 plan and dismissing the debtors' Chapter 13 case or, alternatively, converting this case to a chapter for which the debtors are eligible.

Dated this 8th day of April, 2010

*/s/ Jason Wilson-Aguilar*, WSBA #33582 for
K. MICHAEL FITZGERALD
Chapter 13 Trustee

OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS - 2

Chapter 13 Trustee
600 University St. #2200
Seattle, WA 98101-4100
(206) 624-5124 FAX 624-5282